# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| CLIFFORD W. EAGLE,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD F. CEBULL, MARCIA HURD, and STEVE BABCOCK,<br><br>Defendants. | Cause No. CV 13-70-BLG-SEH-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## I. STATEMENT OF CASE

### A. Parties

Plaintiff Clifford Eagle is a prisoner currently incarcerated in the Haskell County Detention Center in Stigler, Oklahoma. DKT 1, p. 3. He has paid the filing fee and is proceeding without counsel. The named Defendants are Judge Richard F. Cebull, Assistant United States Attorney Marcia Hurd, and Attorney Steve Babcock.

1

### B. Allegations

Eagle alleges Defendants are responsible for his invalid conviction and incarceration and for personal injuries which he suffered as a result of his incarceration.

By way of background, in 2008 Eagle was charged in federal court for failing to register as a sex offender. He plead guilty and was sentenced to 30 months in the Bureau of Prisons by Judge Cebull on January 15, 2009. In March 2012, Judge Cebull recognized that Eagle's conviction was invalid in light of *Reynolds v. United States*, ___ U.S. ___, 132 S.Ct. 975 (2012), and *United States v. Valverde*, 628 F.3d 1159, 1169 (9th Cir. 2010). On March 1, 2012, Eagle's conviction was vacated, he was discharged from supervision, and fully released from all custody and any and all consequences of custody and conviction. *See* Criminal Action No. 08-CR-63-BLG-RFC.

## II. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Legal Standard

Because Eagle is a prisoner seeking redress from a governmental officer, his Complaint is subject to screening under 28 U.S.C. § 1915A.

Section 1915A(b) allows for the dismissal of a *pro se* prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 95 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it

3

does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

Eagle first seeks to sue Judge Richard Cebull, the federal judge who presided over his criminal trial. Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of

4

subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). Judge Cebull's actions taken in Eagle's criminal proceeding were all within his official duties as a federal court judge.

While Eagle seeks relief for personal injuries received from assaults while he was incarcerated in Colorado and Arizona, he makes no allegation that Judge Cebull committed those assaults or was anyway personally responsible for those assaults. "*Bivens* liability is premised on proof of direct personal responsibility." *Pellegrino v. U.S.*, 73 F.3d 934, 936 (9th Cir. 1996). In the absence of proof of direct personal responsibility, a defendant cannot "be held vicariously liable for the conduct of another." *Id.* It is implausible that Judge Cebull, a federal judge in Montana, was directly and personally responsible for

5

assaults which allegedly occurred in federal penitentiaries in Colorado and Arizona. Judge Cebull is entitled to absolute judicial immunity.

Eagle also names Marcia Hurd, the Assistant United States Attorney who prosecuted him in his federal criminal case, as a defendant. Prosecuting attorneys who act within the scope of their duties are also absolutely immune from a suit brought for damages "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). Eagle's allegations against Ms. Hurd pertain only to her actions intimately associated with Eagle's criminal prosecution. Although Ms. Hurd would not be immune from actions taken outside of the prosecution of Eagle, there is no such allegation in the Complaint. Like Judge Cebull, it is implausible that Ms. Hurd was directly and personally responsible for assaults which occurred in out of state federal penitentiaries. As the only allegations in the Complaint pertain to the prosecution of Eagle, Ms. Hurd is entitled to absolute immunity.

Lastly, Eagle names Steve Babcock who was Eagle's appointed counsel in his federal criminal case. Federal public defenders are not acting under color of federal law for purposes of an action filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) *citing Polk County v. Dodson*, 454 U.S. 312 (1981). Even if Eagle could prove Mr. Babcock somehow violated his rights under the United States Constitution, he cannot state a federal claim for damages because Mr. Babcock, as Eagle's attorney, would not be acting under color of federal law. Thus, Eagle cannot establish a jurisdictional basis for a federal action against Mr. Babcock.

Accordingly, the Court issues the following:

**RECOMMENDATIONS**

1. Eagle's Complaint (*DKT 1*) should be dismissed.

2. The Clerk of Court should be directed to enter judgment pursuant to Fed.R.Civ.P. 58 and close this case.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Eagle may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Eagle files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Eagle from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a

de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of May, 2013.

/s/ Carolyn S. Ostby
United States Magistrate Judge